RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0311p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-4187

GERMAN PALACIOS-SUAREZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 04-00002—Susan J. Dlott, District Judge.

Argued: April 19, 2005

Decided and Filed: July 22, 2005

Before: NELSON and MOORE, Circuit Judges; RESTANI, Judge.[*]

_____

## COUNSEL

**ARGUED:** Richard W. Smith-Monahan, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Cincinnati, Ohio, for Appellant. Anne L. Porter, ASSISTANT UNITED STATES ATTORNEY,
Cincinnati, Ohio, for Appellee. **ON BRIEF:** Richard W. Smith-Monahan, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Cincinnati, Ohio, for Appellant. Anne L. Porter, ASSISTANT
UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee.

MOORE, J., delivered the opinion of the court, in which RESTANI, J., joined. NELSON,
J. (p. 8), delivered a separate concurring opinion.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. In this case, Defendant-Appellant German
Palacios-Suarez ("Palacios-Suarez") appeals his sentence imposed by the district court after he pled
guilty to illegally reentering the United States after having been previously removed. *See* 8 U.S.C.
§ 1326(a). Palacios-Suarez challenges his sentence on two grounds. First, he argues that the district
court improperly concluded that his prior state-law felony drug convictions should be considered
"aggravated felonies" and therefore enhance his sentence pursuant to 8 U.S.C. § 1326(b)(2) and U.S.
Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(C). Second, Palacios-Suarez argues that his case

_____

[*]The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

should be remanded to the district court for resentencing in light of the Supreme Court's decision in *United States v. Booker*, _ U.S. _, 125 S. Ct. 738 (2005).  Upon review, we conclude that Palacios-Suarez's prior state felony convictions are not "aggravated felonies," and therefore we **VACATE** the district court's sentence and **REMAND** the case for resentencing consistent with this opinion as well as the Supreme Court's opinion in *Booker*.

## I. BACKGROUND

On July 22, 2003, Palacios-Suarez was removed from the United States following two state-law convictions for drug possession.  Subsequently, he returned to the United States and was arrested in Clermont County, Ohio.  On February 27, 2004, Palacios-Suarez pleaded guilty to illegally reentering the United States after having been previously removed in violation of 8 U.S.C. § 1326(a).  A pre-sentence report ("PSR") was filed with the district court which detailed the two prior state-law convictions for drug possession, both of which are considered felonies under applicable state laws.  Palacios-Suarez's first felony conviction was in April 2003, for possession of cocaine in the State of Ohio in violation of Ohio Rev. Code Ann. § 2925.11(A).  Two months later, in July 2003, he was convicted of possession of a controlled substance in the first degree in the Commonwealth of Kentucky.  *See* Ky. Rev. Stat. Ann. § 218A.1415(1).

The PSR concluded that the two convictions qualified as "aggravated felonies" pursuant to 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(C) thereby resulting in a ten-year increase in the statutory-maximum penalty and an eight-level enhancement under the Sentencing Guidelines. 8 U.S.C. § 1326(b); U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) (2003).  While conceding the validity of the prior state-law convictions, Palacios-Suarez challenged the PSR's conclusion that they are "aggravated felonies" as defined by the federal statute and the Sentencing Guidelines.  The district court rejected Palacios-Suarez's argument, however, and sentenced him to twenty-four months of incarceration, three years of supervised release, a $500.00 fine, and a special assessment of $100.00.  Palacios-Suarez appeals from that sentence.

## II. ANALYSIS

### A. Interpretation of the Aggravated-Felony Enhancement

We review the district court's interpretation of a federal statute and the Sentencing Guidelines de novo.  *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir. 1998); *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005) (stating standard of review after *Booker*).  Whether a state-felony drug conviction, which would not be a felony under federal law, could nevertheless constitute an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B) is an issue of first impression in this court.  *See Garcia-Echaverria v. United States*, 376 F.3d 507, 512 (6th Cir. 2004) (deciding the case without reaching the issue).  The courts of appeals which have addressed the issue have reached conflicting results.  Upon review of the statutory language and the legislative history, we hold that a state felony conviction which does not contain a trafficking component must be punishable *as a felony under federal law* in order for it to constitute an "aggravated felony" under the Immigration and Nationality Act ("INA").

Deciphering what the term "aggravated felony" means in the INA requires us to "navigate a rather confusing maze of statutory cross-references." *United States v. Robles-Rodriguez*, 281 F.3d 900, 903 (9th Cir. 2002).  The INA states that an alien who has been previously removed from the United States "subsequent to a conviction for commission of an aggravated felony" may be imprisoned for up to twenty years if found to have illegally reentered the country.  8 U.S.C. § 1326(b)(2).  Accordingly, the Sentencing Guidelines increase the offense level for the crime by eight levels where the defendant has been convicted of "an aggravated felony."  U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) (2003).  The commentary to the section explains that the term

"aggravated felony" has the same "meaning given that term in section 101(a)(43) of the [INA] (8 U.S.C. § 1101(a)(43))." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.3(A) (2003). Section 101(a)(43) in relevant part defines an "aggravated felony" as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), *including a drug trafficking crime (as defined in section 924(c) of Title 18).*" 8 U.S.C. § 1101(a)(43)(B) (emphasis added). Section 924(c) of Title 18, in turn, defines the term "drug trafficking crime" as "*any felony punishable under* the Controlled Substances Act [("CSA")] (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)." 18 U.S.C. § 924(c)(2) (emphasis added). Courts have adopted two competing interpretations of the phrase "any felony punishable under" the enumerated statutes in § 924(c)(2), and it is the interpretation of this phrase which is the subject of Palacios-Suarez's appeal.

Initially, the Board of Immigration Appeals (the "BIA") interpreted § 101(a)(43)(B) of the INA to mean that "a state drug conviction could qualify as 'an aggravated felony' in one of two ways: (1) if the state felony conviction had a 'trafficking element' (which is not argued here); or (2) if the conviction would be punishable as a felony under one of the enumerated federal drug statutes" and therefore would be a "drug trafficking crime" as defined under § 924(c)(2). *Liao v. Rabbett*, 398 F.3d 389, 391 (6th Cir. 2005) (citing *In re Davis*, 20 I. & N. Dec. 536, 541-42 (BIA 1992)). The BIA's interpretation of § 924(c)(2) is known as the "hypothetical federal felony" or the "hypothetical felony" approach and "reads the phrase 'any felony punishable under the CSA' to mean any conviction *punishable as a felony* under the CSA." *Id.* Thus, "a state felony drug possession conviction (not involving any element of drug trafficking) that would only be punishable as a federal misdemeanor would not constitute an 'aggravated felony' under § 1101(a)(43)(B)." *Id.* at 391-92. The BIA adopted the hypothetical federal felony approach in all of its immigration cases except in circuits which decided to the contrary on the issue. *In Re L-G-*, 21 I. & N. Dec. 89, 102 (BIA 1995).[1] The Second, Third, and Ninth Circuits have expressly adopted the BIA's hypothetical federal felony approach in the immigration context. *See Aguirre v. INS*, 79 F.3d 315, 317-18 (2d Cir. 1996); *Gerbier v. Holmes*, 280 F.3d 297, 311 (3d Cir. 2002); *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 919 (9th Cir. 2004).

By contrast, the second interpretation of § 924(c)(2), referred to as the "guideline approach" because it has been adopted specifically in the context of U.S.S.G. § 2L1.2, takes a disjunctive view of the phrase "any felony punishable under the CSA." Thus, courts adopting the "guideline approach" read the phrase to mean that a state drug conviction is a "drug trafficking crime" and therefore an "aggravated felony" if (1) the conviction is a felony under *either state or federal law* and (2) the conduct underlying the conviction is punishable under the CSA (or the other two statutes not at issue here). *Garcia-Echaverria*, 376 F.3d at 512. Courts adopting this approach rely on the fact that within the CSA itself, the term "felony" is defined as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). "Under this interpretation, a drug offense that is punishable as a felony under state law could be considered an 'aggravated felony,' for purposes of applying the enhancement contained in U.S.S.G. § 2L1.2, even if the conduct would have only been punishable as a misdemeanor under federal law." *Garcia-Echaverria*, 376 F.3d at 512. A clear majority of our sister circuits have adopted this approach to

---

[1] Following the rejection of the "hypothetical federal felony" approach by the majority of circuit courts in the sentencing context, the BIA reversed this holding a few years ago. *In re Yanez-Garcia*, 23 I. & N. Dec. 390, 396 (BIA 2002). The BIA's decision was based on its "overriding obligation to follow the authoritative decisions of the federal circuit courts of appeals regarding interpretation of a provision of federal criminal law that is referenced in the Immigration and Nationality Act." *Id.* The BIA thus adopted the "guideline approach" for all of its immigration cases except in circuits such as the Second, Third, and Ninth which have spoken to the contrary and have adopted the BIA's original "hypothetical federal felony" interpretation. The BIA's decision to reverse its prior holding based on its obligation to follow the authoritative decisions of our sister circuit courts does not alter our analysis of the BIA's statutory interpretation.

interpret the phrase "aggravated felony" as used in U.S.S.G. § 2L1.2. *See United States v. Wilson*, 316 F.3d 506, 513 (4th Cir.), *cert. denied*, 538 U.S. 1025 (2003); *United States v. Pornes-Garcia*, 171 F.3d 142, 148 (2d Cir.), *cert. denied*, 528 U.S. 880 (1999); *United States v. Simon*, 168 F.3d 1271, 1272 (11th Cir.), *cert. denied*, 528 U.S. 844 (1999); *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997); *United States v. Briones-Mata*, 116 F.3d 308, 309 (8th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir.), *cert. denied*, 519 U.S. 885 (1996); *United States v. Restrepo-Aguilar*, 74 F.3d 361, 365 (1st Cir. 1996).

The Ninth Circuit has adopted a similar approach to interpreting the term "aggravated felony" within the context of U.S.S.G. § 2L1.2, but has added the further requirement that regardless of how the state classifies the conviction, the offense can be an "aggravated felony" for purposes of § 1101(a)(43)(B) only if it is "punishable by more than one year's imprisonment under applicable state or federal law." *Robles-Rodriguez*, 281 F.3d at 904. The court noted that within the CSA itself, the term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State." 21 U.S.C. § 802(44). Similarly, federal offenses in general under Title 18 are classified as felonies only if the maximum term of imprisonment is greater than one year. 18 U.S.C. § 3559(a)(5). Thus, the court explained that in light of Congress's "long-established practice of using the term 'felony' to describe offenses punishable by more than one year's imprisonment," it refused to adopt an alternative approach "absent a clear indication to the contrary." *Robles-Rodriguez*, 281 F.3d at 904. Accordingly, the Ninth Circuit held that an Arizona drug-possession conviction which is classified as a felony under Arizona law, but which does not result in incarceration, did not qualify as a "drug trafficking crime" and therefore an "aggravated felony" under the INA. *Id.* at 905-06. We expressly adopted this formulation without reaching the underlying issue of whether the guideline approach was the proper interpretation of § 924(c)(2). *See Liao*, 398 F.3d at 395 (assuming the guideline approach is appropriate, holding that "a state drug conviction is not a felony under state law, even if it is labeled as such, if it is not punishable under state law by a term of imprisonment of more than one year").

Thus, in this case, we face the unresolved question of determining which interpretation of an "aggravated felony" should be used in our circuit. We begin our analysis by declining to follow the approach outlined by the Second and Ninth Circuits, which treats the statutory language in § 1101(a)(43)(B) differently for immigration purposes than for sentencing enhancement under the Guidelines. *See Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004); *Pornes-Garcia*, 171 F.3d at 147. As the Fifth Circuit stated, "[w]e fail to see the validity of interpreting this statute differently based on this distinction between sentencing and immigration cases; it is, after all, the same words of the same phrase from the same statute that is being interpreted in each instance." *United States v. Hernandez-Avalos*, 251 F.3d 505, 509 (5th Cir.), *cert. denied*, 534 U.S. 935 (2001). We agree with the Fifth Circuit's reasoning and decline to adopt separate interpretations of the same phrase for the immigration and sentencing cases.

Having resolved that preliminary matter, we next turn to the statutory language of the phrase in § 924(c)(2) itself. We have stated that "when interpreting statutes, [t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001) (internal quotation omitted) (alteration in original). The statutory language at issue in this case is the precise meaning of the phrase "any felony punishable under" the CSA. 18 U.S.C. § 924(c)(2). Several courts of appeals which have adopted the "guideline approach" have based their decision on what they have found to be the clear language of § 924(c)(2). *See Wilson*, 316 F.3d at 512; *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1339 (9th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001); *Simon*, 168 F.3d at 1272; *Restrepo-Aguilar*, 74 F.3d at 364. As the Ninth Circuit has stated, "[i]f Congress had intended [the hypothetical federal felony approach], it would have most naturally referred to offenses 'punishable as felonies under the Controlled Substances Act,' but it did not." *Ibarra-Galindo*, 206 F.3d at 1339. As the dissent noted in that case, "[i]t is a rare statute, however, that

could not have been written more clearly than it was." *Id.* at 1342 (Canby, J. dissenting). Thus, if the "guideline approach" was intended, Congress could have just as easily written the statute to define a "drug trafficking crime" as an offense "'punishable under the Controlled Substances Act and constituting a felony under either federal or state law.'" *Id.* at 1342 n.2 (Canby, J. dissenting). We agree with Judge Canby's reasoning and decline to adopt a statutory interpretation based on hypothetical phrasing which Congress never considered. Instead, we conclude that the phrase "a felony punishable under" the CSA could be read either as an offense punishable *as a felony under the CSA* or in the alternative, as a federal or state felony involving conduct which is *punishable under the CSA*. Accordingly, either the "hypothetical federal felony" interpretation or the "guideline approach" could be supported by the plain meaning of the statute.

The courts of appeals which have adopted the "guideline approach" have found support for their statutory interpretation in the definitions of the term "felony" in the Guidelines and the CSA itself. *See Wilson*, 316 F.3d at 512; *Ibarra-Galindo*, 206 F.3d at 1339-40; *Simon*, 168 F.3d at 1272; *Briones-Mata*, 116 F.3d at 309; *Restrepo-Aguilar*, 74 F.3d at 365. Specifically, both the Ninth Circuit and the Government in its brief in this case cite the commentary in the Sentencing Guidelines which defines the term "felony" as "any federal, *state*, or local offense punishable by imprisonment for a term exceeding one year." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.2 (2003) (emphasis added). Reliance on this definition is misplaced however, because the commentary specifically states that the definition of a "felony" applies "[f]or purposes of subsection (b)(1)(A), (B), and (D)." *Id.* Therefore, the definition of the term "felony" does not have any bearing on the term "aggravated felony" in subsection (b)(1)(C) of § 2L1.2.

Similarly, courts cite the definition section of the CSA which defines the term "felony" as "any Federal or *State offense* classified by applicable Federal or *State law as a felony*." 21 U.S.C. § 802(13) (emphasis added). In a well-reasoned opinion, the BIA concluded that reliance on this definition is misplaced as well. *In re L-G-*, 21 I. & N. Dec. at 98-99. Section 802(13) provides definitions only for use within subchapter I of chapter 13 of Title 21. The statutory phrase at the heart of the "aggravated felony" debate is within § 924(c)(2) of Title 18, which has its own definition of the term "felony." Thus, to define the individual terms in the phrase "any felony punishable under the" CSA, the proper recourse is to the definitions provided in Title 18 rather than Title 21. For purposes of Title 18, a felony is defined as a *federal* offense where the maximum punishment exceeds one year. 18 U.S.C. § 3559(a)(5). "A 'drug trafficking crime' under 18 U.S.C. § 924(c)(2) is therefore any felony violation of *the federal drug laws*, i.e., any offense under those laws where the maximum term of imprisonment authorized exceeds 1 year." *In re L-G-*, 21 I. & N. Dec. at 94 (emphasis added). The Third Circuit agreed with the BIA's interpretation and held that "a crime that is only punishable as a misdemeanor under the Controlled Substances Act is not 'any felony' under § 924(c)(2)." *Gerbier*, 280 F.3d at 310. We find the interpretation of the BIA and the Third Circuit to be at the very least plausible. As a result, we cannot say that the plain meaning of the language of § 924(c)(2) supports one interpretation over another. Accordingly, we must "resort to the legislative history to ascertain the meaning of the language." *Boucha*, 236 F.3d at 774.

Prior to 1988, § 924(c)(2) defined the term "drug trafficking crime" as "any *felony violation of Federal law* involving the distribution, manufacture, or importation of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." 18 U.S.C. § 924(c)(2) (1982 & Supp. IV 1986) (emphasis added). Thus, the prior statutory language plainly reveals that a "drug trafficking crime" was limited to *only federal felony offenses*. In the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690 § 6212, 102 Stat. 4181, 4360, Congress amended the subsection into its present-day form, defining the term "drug trafficking crime" as "any felony punishable under" the three enumerated statutes. 18 U.S.C. § 924(c)(2). Congress titled the section of this Act which amended § 924(c)(2) as a "*clarification* of definition of drug trafficking crimes." § 6212, 102 Stat. at 4360 (emphasis added). Congress never intended the amendment to be a substantive change in the definition but rather *merely a clarification*. As the Ninth Circuit stated,

"[t]here is nothing in the legislative history to suggest that Congress intended this 'clarification' to dramatically widen the scope of 'drug trafficking crime' to include, for example, simple drug possession punished as a felony by a state." *Cazarez-Gutierrez*, 382 F.3d at 915. Thus, the original understanding of the term as limited to federal felonies was unchanged. Accordingly, we agree with the Third Circuit that the "interpretation of the phrase 'felony punishable under the Controlled Substances Act' as excluding crimes that are not 'hypothetical federal felonies' is not only plausible, but also logical in light of the history of § 924(c)(2)." *Gerbier*, 280 F.3d at 309.

Moreover, the legislative history of 8 U.S.C. § 1101(a)(43) further supports the "hypothetical federal felony" approach. In March 1990, the BIA first adopted the "hypothetical federal felony" approach, holding that "a state conviction *sufficiently analogous to a felony offense*" under the enumerated federal statutes is a "drug trafficking crime" under § 924(c)(2) and therefore "an aggravated felony" under § 1101(a)(43). *In re Barrett*, 20 I. & N. Dec. 171, 175 (BIA 1990) (emphasis added). The BIA concluded that "it is unreasonable to assume that Congress, in choosing the definition of 'drug trafficking crime' at 18 U.S.C. § 924(c)(2), sought to differentiate between aliens convicted of similar drug-related offenses on the basis of whether the conviction was accomplished under state or federal law." *Id.* Several months later, Congress adopted the BIA's approach, amending § 1101(a)(43) by adding that the term "aggravated felony" "applies to offenses described in the previous sentence whether in violation of Federal or State law." Immigration Act of 1990, Pub. L. No. 101-649 § 501(a)(5), 104 Stat. 4978, 5048. In explaining the purpose of the amendment, the House Judiciary Committee stated:

> Current law defines "aggravated felony" to mean drug trafficking, firearm or explosive device trafficking, and murder (8 U.S.C. § 1101(a)(43)). Current law clearly renders an alien convicted of a Federal drug trafficking offense an aggravated felon. It has been less clear whether a state drug trafficking conviction brings that same result, although the Board of Immigration Appeals in Matter of Barrett (March 6, 1990) has recently ruled that it does. Because the Committee concurs with the recent decision of the Board of Immigration Appeals and wishes to end further litigation on this issue, section 1501 of H.R. 5269 specifies that drug trafficking (and firearms/destructive device trafficking) is an aggravated felony whether or not the conviction occurred in state or Federal court.

H.R. Rep. No. 101-681, pt. 1, at 147 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6472, 6553 (emphasis added). The language of the report clearly reveals that Congress embraced the BIA's "hypothetical federal felony" approach with regard to the term "aggravated felony." Moreover, it is evident that Congress was concerned specifically with *drug trafficking* crimes, which are treated as felonies under the CSA, rather than simple *drug possession* crimes which would only qualify as federal misdemeanors. Therefore, we conclude that the legislative history of § 1101(a)(43) confirms the interpretation that Congress did not intend for state felony convictions (not involving any element of drug trafficking) to qualify as an "aggravated felony" under § 1101(a)(43)(B) if the offense would be punishable only as a federal misdemeanor under the CSA.

In sum, we conclude that, in light of the legislative history which clarifies the ambiguous statutory language of 18 U.S.C. § 924(c)(2), the "hypothetical federal felony" approach is the proper interpretation of an "aggravated felony" under the INA.

## B. Palacios-Suarez's Case

Applying the "hypothetical federal felony" approach to Palacios-Suarez's case, we conclude that the district court erred in finding that his two prior state felony convictions constituted "aggravated felonies" under U.S.S.G. § 2L1.2. Both of Palacios-Suarez's prior convictions were for possession of cocaine in violation of Ohio and Kentucky law. Because neither of the state

convictions involved a trafficking element, our sole inquiry under § 1101(a)(43)(B) is to determine whether the two state convictions could be considered felonies punishable under the CSA. The proper federal offense sufficiently analogous to the two state felony convictions is 21 U.S.C. § 844(a), which makes it "unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practioner. . . ." 21 U.S.C. § 844(a). "Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both. . . ." *Id.* Thus, under the analogous provision of the CSA, Palacios-Suarez's offenses would each be classified only as misdemeanors, and therefore could not be considered "drug trafficking crimes" under § 924(c)(2) nor "aggravated felonies" under § 1101(a)(43)(B).

Federal law does provide, however, that if the person "commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for . . . not more than 2 years." 21 U.S.C. § 844(a). Thus, under this recidivist provision, drug possession could be a federal felony. In order to be eligible for the enhanced punishment, the defendant's second offense must occur after the prior drug *conviction has become final*. Palacios-Suarez's first drug offense occurred in Kentucky on May 2, 1999, for which he was convicted on July 1, 2003. His second drug offense occurred in Ohio on December 30, 2002, for which he was convicted on April 30, 2003. Thus, Palacios-Suarez's second drug offense occurred prior to his first conviction becoming final. Accordingly, he could not be charged under the recidivist provision of the federal statute. *See United States v. Ballesteros-Ruiz*, 319 F.3d 1101, 1104 (9th Cir. 2003) (noting that a defendant may only be treated as a recividist under § 844(a) if the second offense occurs after a prior *conviction*).

In sum, we conclude that because Palacios-Suarez's prior state-felony convictions would only be classified as misdemeanors under federal law, the state convictions could not be considered "drug trafficking crimes" under § 924(c)(2) nor "aggravated felonies" under § 1101(a)(43)(B). Accordingly, the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2L1.2. Though the Supreme Court in *Booker* made the Sentencing Guidelines only advisory, we have held that "the proper interpretation of the various provisions of the Sentencing Guidelines remains vitally important for this court." *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005). "The clear *Booker* requirement that the district court 'consider' the applicable Guidelines range would otherwise be meaningless." *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005) (internal citation omitted). Therefore, because we conclude that the district court erred in its application of U.S.S.G. § 2L1.2, we vacate Palacios-Suarez's sentence and remand the case to the district court for reconsideration. Moreover, we further note that the district court on remand "must take into account the now-advisory nature of the Guidelines pursuant to *Booker*." *Chriswell*, 401 F.3d at 470.

## III. CONCLUSION

For the foregoing reasons, we **VACATE** Palacios-Suarez's sentence and **REMAND** the case to the district court for resentencing consistent with this opinion and the Supreme Court's decision in *Booker*.

---

**CONCURRENCE**

---

DAVID A. NELSON, Circuit Judge, concurring.  No fewer than eight of our sister circuits have addressed the precise question presented in the case at bar.  All eight have concluded that the term "a conviction for an aggravated felony," as used in U.S.S.G. § 2L1.2, includes a felony conviction in a state court for a drug offense that would be punishable only as a misdemeanor under the relevant federal statute.  See *United States v. Wilson*, 316 F.3d 506, 512-13 (4th Cir.), *cert. denied*, 538 U.S. 1025 (2003); *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1339-41 (9th Cir. 2000), *cert. denied*, 531 U.S. 1102 (2001); *United States v. Pornes-Garcia*, 171 F.3d 142, 145-48 (2d Cir.), *cert. denied*, 528 U.S. 880 (1999); *United States v. Simon*, 168 F.3d 1271, 1272 (11th Cir.), *cert. denied* 528 U.S. 844 (1999); *United States v. Hinojosa-Lopez*, 130 F.3d 691, 693-94 (5th Cir. 1997); *United States v. Briones-Mata*, 116 F.3d 308, 309-10 (8th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998, 999-1000 (10th Cir.), *cert. denied*, 519 U.S. 885 (1996); *United States v. Restrepo-Aguilar*, 74 F.3d 361, 363-66 (1st Cir. 1996).

I would be cautious about rocking a boat as stable as this one seems to be.  I think the stability is more apparent than real, however, given that (1) the proper interpretation of "a conviction for an aggravated felony" depends on what Congress said in 18 U.S.C. § 924(c)(2), a code section that speaks of "any felony punishable under the Controlled Substances Act [etc.]," and (2) two of the eight circuits mentioned above have held in immigration cases that the language in § 924(c)(2) about "any felony punishable under the Controlled Substances Act" means, for immigration law purposes, punishable under the Controlled Substances Act as a felony — which is not the meaning those circuits assign to the same language in the same statute for sentencing law purposes.  Compare *Aguirre v. INS*, 79 F.3d 315, 317-18 (2d Cir. 1996), with *Pornes-Garcia*, and *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 919 (9th Cir. 2004), with *Ibarra-Galindo*.  I agree with my colleagues on the panel that the Second and Ninth Circuits have some explaining to do in this regard.  (There is no corresponding tension in the Third Circuit caselaw, since *Gerbier v. Holmes*, 280 F.3d 297 (3rd Cir. 2002) — an immigration case reaching the same result as that reached in *Aguirre* and *Cazarez-Gutierrez* — stands alone in the Third Circuit; there is no Third Circuit sentencing case corresponding to the eight cases cited in the opening paragraph of this concurrence.)

I also agree with my colleagues' conclusion that the phrase "a conviction for an aggravated felony," as used in U.S.S.G. § 2L1.2, should not be read as including a state court felony conviction for a drug offense that would be punishable only as a misdemeanor under federal law.  My agreement with this conclusion is not significantly influenced, however, by the 1990 committee report quoted in the court's opinion.  As I read it, the committee report does not speak to the question whether a state drug felony must be analogous to a federal drug felony — as opposed to a lesser federal offense — in order to be classified as a "drug trafficking crime" and thus as an "aggravated felony."

The factor that weighs most heavily in my mind is not legislative history, but the rule of lenity.  At the very least, it seems to me, the critical language in 18 U.S.C. § 924(c)(2) —  "any felony punishable under the Controlled Substances Act" — could reasonably be construed as meaning either "any offense punishable as a felony under the Controlled Substances Act" or "any offense that constitutes a felony under state or federal law and is punishable under the Controlled Substances Act."  There being two arguably permissible constructions of this statutory language, the rule of lenity requires us to adopt the construction that is more favorable to the defendant.  See *United States v. Wagner*, 382 F.3d 598, 610 (6th Cir. 2004).  The district court having adopted the less favorable construction, I concur in my colleagues' judgment that the challenged sentence must

be vacated and the case remanded for resentencing under a proper construction of the (now advisory) federal sentencing guidelines.