NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0346n.06
Filed: May 16, 2006

No. 05-1693

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOSE AYALA-LOPEZ, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before:      SILER and ROGERS, Circuit Judges: JORDAN, Senior District Judge.[*]

LEON JORDAN, Senior District Judge. This action arises from the sentencing of Jose Ayala-Lopez ("Ayala-Lopez") for illegally re-entering the United States after having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a). Ayala-Lopez appeals the district court's finding that his prior state felony conviction for possession of cocaine constituted an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(B), which increased the statutory range and enhanced the guideline range of his

_____

[*] The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

sentence. For the reasons that follow, we **VACATE** Ayala-Lopez's sentence and **REMAND** the case to the district court.

I.

After being convicted for possession of a controlled substance in violation of Texas Code of Health and Safety section 481.116(b), Ayala-Lopez was removed from the United States . On November 2, 2004, Ayala-Lopez was indicted for re-entering the country after being deported following conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a). Ayala-Lopez pled guilty to the indictment on December 3, 2004, in the District Court for the Western District of Michigan.

At the sentencing, the district court determined that Ayala-Lopez's prior drug-related conviction qualified as an "aggravated felony" under 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(1)(C), thus increasing the statutory range of his sentence by ten years and enhancing the sentencing guideline range by eight levels. Ayala-Lopez was sentenced to a term of confinement of twenty-four months.

II.

When reviewing a sentencing decision, we review the district court's factual findings for clear error and the district court's interpretation of federal statutes and the Sentencing Guidelines *de novo*. *See, e.g., United States v. DeJohn*, 368 F.3d 533, 544 (6th Cir. 2004); *United States v. Gibson*, 409 F.3d 325, 338 (6th Cir. 2005) (stating standard of review after *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)).

III.

Ayala-Lopez argues that his sentence is illegal based on this court's recent decision in *United States v. Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005),decided July 22, 2005, after Ayala-Lopez was sentenced and while this appeal was pending. In *Palacios-Suarez*, we considered the issue of first impression "[w]hether a state-felony drug conviction, which would not be a felony under federal law, could nevertheless constitute an 'aggravated felony' as defined in 8 U.S.C. § 1101(a)(43)(B)." *Palacios-Suarez*, 418 F.3d at 694. We held "that a state felony conviction which does not contain a trafficking component must be punishable *as a felony under federal law* in order for it to constitute an 'aggravated felony' under the Immigration and Nationality Act." *Id.* at 695 (emphasis in original).

The United States concedes that *Palacios-Suarez* controls this case in favor of

Ayala-Lopez because his conviction for simple possession of cocaine under Texas law could not constitute an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B) since the same conduct would be punishable only as a misdemeanor not as a felony under federal law. Thus, the statutory range of the sentence imposed by the district court should not have been increased and the guideline range of the sentence should not have been enhanced.

Pursuant to our holding in *Palacios-Suarez*, Ayala-Lopez's prior state-felony drug conviction for drug possession should not have been considered as an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(B). Doing so improperly increased the statutory range of his sentence and improperly enhanced the guideline range of his sentence.

For the foregoing reasons, we **VACATE** the sentence imposed and **REMAND** the case to the district court for resentencing.