RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ZIA UL ISLAM RASHID,

*Petitioner*,

*v.*

No. 06-4270

MICHAEL B. MUKASEY, United States Attorney
General,

*Respondent*.

On Petition for Review from the
Board of Immigration Appeals.
No. A43 964 625.

Argued: June 4, 2008

Decided and Filed: June 26, 2008

Before: MERRITT, CLAY, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Maris J. Liss, GEORGE P. MANN & ASSOCIATES, Farmington Hills, Michigan, for
Petitioner. Terri Leon-Benner, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent. **ON BRIEF:** George P. Mann, GEORGE P. MANN & ASSOCIATES,
Farmington Hills, Michigan, for Petitioner. Terri Leon-Benner, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge.  This case presents an important issue at the
intersection of immigration law and criminal law.  Zia Ul Islam Rashid, a legal permanent resident,
was twice convicted of misdemeanor marijuana possession in the state courts of Michigan, first in
2000 and again in 2005.  He was subsequently charged by the Department of Homeland Security
(DHS) with removability under the Immigration and Nationality Act (INA).  Rashid conceded that
he was removable because of his convictions for possessing a controlled substance, but he applied
for cancellation of removal.

An Immigration Judge (IJ) determined that Rashid's two state misdemeanor convictions
combined to constitute an aggravated felony under federal law, thereby rendering him ineligible for
cancellation of removal.  The BIA affirmed.  He now appeals to this court, arguing that both the IJ

and the BIA erred as a matter of law in concluding that his two drug-possession offenses together qualify as an aggravated felony under federal law. For the reasons set forth below, we **REVERSE** the judgment of the BIA and **REMAND** the case for further proceedings consistent with this opinion.

## I. BACKGROUND

### A.    Factual background

Rashid is a native and citizen of Pakistan. He became a legal permanent resident of the United States in November of 1993. In May of 2000, Rashid pled guilty in a Michigan state court to the criminal possession of a small quantity of marijuana, a misdemeanor offense. Five years later, in October of 2005, Rashid again pled guilty to the misdemeanor offense of marijuana possession.

DHS initiated removal proceedings against Rashid following his second conviction. According to DHS, Rashid was removable pursuant to § 237(a)(2)(A)(iii) of the INA (8 U.S.C. § 1227(a)(2)(A)(iii)), because he had in effect been convicted of an aggravated felony as defined by § 101(a)(43)(B) of the INA (8 U.S.C. § 1101(a)(43)(B)). Rashid was also charged with being subject to remove pursuant to § 237(a)(2)(B)(i) of the INA (8 U.S.C. § 1227(a)(2)(B)(i)), because he had been convicted of violating a law relating to a controlled substance on more than one occasion.

### B.    Procedural background

In March of 2006, Rashid conceded that he was removable on the basis of the controlled-substance offenses, but did not agree with the applicability of the aggravated-felony charge. He applied for cancellation of removal under § 240A(a) of the INA (8 U.S.C. § 1229b(a)). The IJ concluded that Rashid was ineligible for cancellation of removal because he had in effect committed an aggravated felony under federal law. Specifically, the IJ determined that the federal law governing "recidivist possession" rendered Rashid's second drug-possession conviction a felony drug-trafficking offense, despite the fact that both of the state convictions were misdemeanors and neither involved drug trafficking as the phrase is ordinarily understood. The IJ relied on this court's decision in *United States v. Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005), in reaching this conclusion.

Rashid appealed to the BIA, arguing that the IJ erred in relying on *Palacios-Suarez* and in concluding that Rashid was ineligible for cancellation of removal. The BIA affirmed the decision of the IJ and, like the IJ, specifically relied on *Palacios-Suarez*. Rashid was subsequently deported and is now living in Pakistan. This timely appeal followed.

## II. ANALYSIS

### A.    Standard of review

Because the BIA adopted the IJ's decision with additional commentary, we review the decision of the IJ, as supplemented by the BIA, as the final administrative order. *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005). Questions of law involving immigration proceedings are reviewed de novo. *Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004).

### B.    Multiple drug-possession offenses as an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii)

At issue in this case is whether Rashid's two state misdemeanor convictions for marijuana possession, taken together, morph into an "aggravated felony" under the INA. This counterintuitive

result is possible because of multiple layers of definitions under the INA and the Controlled Substances Act (CSA), 21 U.S.C. §§ 801-971. Section 1101(a)(43)(B) of the INA (8 U.S.C. § 1101(a)(43)(B)) includes "drug trafficking crime[s] (as defined in [§] 924(c) of [T]itle 18)" as aggravated felonies. A "drug trafficking crime," in turn, is defined as "any felony punishable under the [CSA]." 18 U.S.C. § 924(c)(2). Finally, § 844(a) of the CSA (21 U.S.C. § 844(a)) has the effect of treating anyone convicted as a recidivist drug offender as a felon, even if either or both of the offenses in isolation were only misdemeanor convictions.

The IJ and the BIA both concluded that Rashid's two marijuana convictions, taken together, constituted the aggravated felony of recidivist possession, in violation of 21 U.S.C. § 844(a). In other words, the IJ and the BIA determined that Rashid had committed the crime of recidivist possession, an aggravated felony under the INA because it is a felony punishable under the CSA and thus a drug-trafficking crime under 18 U.S.C. § 924(c)(2). This means that Rashid was deemed ineligible for cancellation of removal because an immigrant who has been convicted of an aggravated felony is ineligible for such relief pursuant to § 1229b(a)(3) of the INA (8 U.S.C. § 1229b(a)(3)).

Rashid concedes that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i) because he was convicted of two state drug-possession offenses, and has thus "been convicted of a violation of . . . any law . . . relating to a controlled substance . . . , other than a *single* offense involving possession for one's own use of 30 grams or less of marijuana." *Id.* (emphasis added). He argues, however, that he has not committed an aggravated felony within the meaning of the INA and is therefore still eligible for cancellation of removal. Specifically, Rashid claims that the IJ and the BIA improperly concluded that his two state drug-possession convictions qualify as recidivist possession.

## C.     The government's motion to remand

The government has argued that this case should be remanded in order for the BIA to apply recent decisions that have refined the BIA's approach to treating state drug-possession offenses as aggravated felonies. Specifically, the government cites *Matter of Carachuri-Rosendo*, 24 I. & N. Dec. 382 (BIA 2007), and *Matter of Thomas*, 24 I. & N. Dec. 416 (BIA 2007). In *Carachuri-Rosendo*, the BIA explicitly concluded that

> absent controlling [circuit] authority regarding the "recidivist possession" issue, an alien's State conviction for simple possession of a controlled substance will not be considered an aggravated felony conviction on the basis of recidivism unless the alien's status as a recidivist drug offender was either admitted by the alien or determined by a judge or jury in connection with a prosecution for that simple possession offense.

24 I. & N. at 394. The BIA applied *Carachuri-Rosendo* in *Thomas* and concluded that because the Eleventh Circuit did not have any controlling precedent with respect to the recidivist-possession issue, the BIA had to determine whether there was proof that the immigrant had either admitted his status as a recidivist drug offender or whether his status as such had been determined by a judge or jury. 24 I. & N. Dec. at 421.

At the time the BIA issued its opinion in *Carachuri-Rosendo*, however, it noted that seven circuits, including the Sixth Circuit, have "issued precedents deciding whether, and under what circumstances, a State offense of simple possession of a controlled substance qualifies as an aggravated felony based on its correspondence to the Federal felony of 'recidivist possession.'" 24 I. & N. at 385. Notably, the Eleventh Circuit was not among the seven circuits identified by the BIA. The decision in *Thomas* is thus not applicable to Rashid's case, given the BIA's reliance on

*United States v. Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005), discussed in detail below, as the controlling Sixth Circuit precedent on this issue.

Rashid in fact points out that even after the decision in *Carachuri-Rosendo*, the BIA has issued conflicting decisions as to its interpretation of *Palacios-Suarez*. He first cites *Matter of Escot-Miranda*, File No. A45 123 036, 2008 WL 1734648 (BIA Mar. 24, 2008), where the BIA concluded that the Sixth Circuit "is agnostic on [the] central question" of "whether a State simple possession offense that otherwise conforms to the requirements of 21 U.S.C. § 844(a) but that was not prosecuted under State recidivism laws can be treated as a 'counterpart' of the Federal felony of recidivist possession." Rashid then notes that only five days prior to the decision in *Escot-Miranda*, the BIA concluded in *Matter of Guzman-Gonzalez*, File No. A43 746 142 (BIA Mar. 19, 2008), that "[i]n order for a second misdemeanor drug possession conviction to qualify as an aggravated felony in the Sixth Circuit[,] . . . controlling precedent only requires that the conviction occur after a first such conviction becomes final." This causes considerable uncertainty as to what result the BIA would reach if Rashid's case were remanded to it for an opportunity to apply its recent *Carachuri-Rosendo* approach to our *Palacios-Suarez* decision.

Moreover, although this case presents an issue that will impact both immigration law and criminal-sentencing law, this court has previously addressed the overlap between the two in this very context and "decline[d] to adopt separate interpretations of the same phrase for the immigration and sentencing cases." *Palacios-Suarez*, 418 F.3d at 697. Given that *Carachuri-Rosendo* dictates deference to circuit precedent, and given the BIA's apparent uncertainty about the existence of such precedent in this circuit, Rashid's case presents us with the opportunity to explicitly define our approach to the treatment of multiple state drug-possession offenses as a potential aggravated felony under the INA. We therefore deny the government's request for a remand and turn to the merits of Rashid's argument.

**D.      The merits of Rashid's argument**

Over the years, two approaches developed for the treatment of state misdemeanor drug offenses in the immigration context. Some courts applied the so-called "state felony" or "Guidelines" approach that originated in the context of cases arising under the federal Sentencing Guidelines. This approach treated a state drug-possession conviction as an aggravated felony if the underlying conduct was punishable under the CSA and the conviction was classified as a felony under *either* federal or state law. *See, e.g.*, *United States v. Hernandez-Avalos*, 251 F.3d 505, 508-10 (5th Cir. 2001).

The more prevalent approach was the so-called "hypothetical federal felony" rule applied by this court in *Palacios-Suarez*, 418 F.3d at 695. Under this approach, the phrase "any felony punishable under the CSA" is read "to mean any conviction *punishable as a felony* under the CSA." *Id.* (internal quotation marks omitted) (emphasis in original). "Thus, a state felony drug possession conviction (not involving any element of drug trafficking) that would only be punishable as a federal misdemeanor would not constitute an aggravated felony under § 1101(a)(43)(B)." *Id.* (internal quotation marks omitted).

The Supreme Court, in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), resolved this conflict by explicitly holding that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Id.* at 633. At issue in *Lopez* was whether "conduct made a felony under state law but a misdemeanor under the Controlled Substances Act" could nonetheless qualify as an aggravated felony under the INA. *Id.* at 627. The *Lopez* Court rejected that possibility and embraced the hypothetical federal-felony approach. We must therefore apply the hypothetical federal-felony approach, previously

adopted by this court in *Palacios-Suarez*, to determine under what circumstances a state drug-possession conviction is a drug-trafficking crime under the CSA.

The immigrant in *Palacios-Suarez* had two state drug-possession convictions, just as Rashid does. This court explained that "[b]ecause neither of the state convictions involved a trafficking element, our sole inquiry under § 1101(a)(43)(B) is to determine whether the two state convictions could be considered felonies punishable under the CSA." 418 F.3d at 700. Palacios-Suarez's convictions each carried a maximum prison term of one year. *Id.* "Thus, under the analogous provision of the CSA, Palacios-Suarez's offenses would each be classified only as misdemeanors, and therefore could not be considered 'drug trafficking crimes' under § 924(c)(2) nor 'aggravated felonies' under § 1101(a)(43)(B)." *Id.*

The court went on to note that "[f]ederal law does provide . . . that if the person 'commits such offense after . . . a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for . . . not more than 2 years.'" *Id.* (quoting 21 U.S.C. § 844(a)). In other words, under the recidivist provision of § 844(a), "drug possession could be a federal felony." *Id.* Palacios-Suarez was not subject to the sentencing enhancement for recidivism, however, because "[i]n order to be eligible for the enhanced punishment, the defendant's second offense must occur after the prior drug conviction has become final," and his had not. *Id.*

In the present case, the BIA concluded that *Palacios-Suarez* stands for the proposition that if a first state drug-possession conviction has become final before the commission of a second such offense, the two convictions together qualify as recidivist possession and thus as an aggravated felony. But this determination places too much weight on the dicta from *Palacios-Suarez*. The court in *Palacios-Suarez* simply noted that "under [the] recidivist provision, drug possession *could* be a federal felony." *Id.* (emphasis added). Although this statement is undoubtedly true, the court in *Palacios-Suarez* had no occasion to address the full range of circumstances under which drug possession becomes a federal felony, the issue that is presently before us. Because Palacios-Suarez's second conviction did not even potentially qualify as recidivist possession, he was found not to have committed a drug-trafficking crime.

Moreover, at least two circuits have adopted Rashid's position and concluded that multiple state drug-possession convictions do not automatically qualify as federal recidivist possession. One is the Third Circuit, which in *Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001), held that, in order to qualify as an aggravated felony, "there must be a judicial determination beyond a reasonable doubt of every element of a felony or a constitutionally valid plea that encompasses each of those elements." *Id.* at 137. *Steele* dealt with a situation identical to the present case, in which an immigrant had been convicted of multiple misdemeanor state drug-possession offenses. The district court determined that Steele had committed the aggravated felony of federal recidivist possession, but the Third Circuit reversed because "the aggravated felony disability under the Act applies only if there has been a *conviction* of a felony." *Id.* at 138. Because Steele's convictions were all misdemeanors, he had not committed an aggravated felony.

The First Circuit is the other circuit to reach a similar result. In *Berhe v. Gonzales*, 464 F.3d 74 (1st Cir. 2006), it reversed the BIA's finding that an immigrant had committed an aggravated felony under federal law on the basis of two state drug-possession convictions. The court in *Berhe* explained that because both of the state offenses were misdemeanors, "we must look to the record of conviction of the alleged aggravated felony to determine whether the government met its burden of proving that Berhe had a prior conviction for a drug offense." *Id.* at 86. Because the record of the second conviction contained no reference to the first conviction, the court concluded "that Berhe was charged and convicted of the misdemeanor crime (under both Massachusetts and federal law)

of simple possession of a controlled substance punishable by no more than one year in prison," and therefore had not committed an aggravated felony. *Id.*

But both of the above cases predate the Supreme Court's decision in *Lopez v. Gonzales*, 127 S. Ct. 625 (2006), as do a number of cases that reach the opposite conclusion. *See Smith v. Gonzales*, 468 F.3d 272, 276-77 (5th Cir. 2006) (concluding that two state drug-possession convictions did not qualify as an aggravated felony only because the first conviction was not final prior to the commission of the second offense); *United States v. Simpson*, 319 F.3d 81, 85 (2d Cir. 2002) (concluding that misdemeanors under state law, including "distribution of marijuana, possession with intent to distribute marijuana, and simple possession of marijuana after a prior conviction for any controlled substance offense, were all punishable as felonies under the CSA"). *Simpson* is easily distinguishable from the present case, however, because in addition to the simple possession offenses, there were at least two misdemeanor convictions that clearly qualified as hypothetical federal felonies—the distribution of marijuana and possession with the intent to distribute marijuana.

The Seventh Circuit and the Fifth Circuit are the only two circuits that have addressed the recidivist issue post-*Lopez* even though both courts reached this issue in the context of a criminal sentencing appeal rather than in a removal proceeding. In *United States v. Pacheco-Diaz*, 506 F.3d 545 (7th Cir. 2007), the Seventh Circuit concluded that the recidivist enhancement applied to an immigrant who had been convicted of two state drug-possession misdemeanors. Based on the possibility that Pacheco-Diaz would have faced a recidivist enhancement had he been charged in federal court, the Seventh Circuit concluded that he had committed an aggravated felony for sentencing purposes. *Id.* at 550. The court explicitly relied on a footnote from *Lopez*, which explained as follows:

> Congress did counterintuitively define some possession offenses as "illicit trafficking." Those state possession crimes that correspond to felony violations of one of the three statutes enumerated in § 924(c)(2), such as possession of cocaine base and recidivist possession, *see* 21 U.S.C. § 844(a), clearly fall within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2), regardless of whether these federal possession felonies or their state counterparts constitute "illicit trafficking in a controlled substance" or "drug trafficking" as those terms are used in ordinary speech. But this coerced inclusion of a few possession offenses in the definition of "illicit trafficking" does not call for reading the statute to cover others for which there is no clear statutory command to override ordinary meaning.

*Lopez*, 127 S. Ct. at 630 n.6. According to the Seventh Circuit, "[t]he Court thus acknowledged that, although it seemed counterintuitive to classify recidivist possession as 'illicit trafficking,' Congress had clearly done so." *Pacheco-Diaz*, 506 F.3d at 548.

Similarly, the Fifth Circuit in *United States v. Cepeda-Rios*, ___ F.3d ___, No. 07-50731, 2008 WL 2266996 (5th Cir. June 4, 2008), concluded that its pre-*Lopez* precedent holding that a "second conviction for simple possession qualifies as an aggravated felony under the sentencing guidelines" survived *Lopez*. *Id.* at *2. Relying on the same footnote from *Lopez* quoted by the Seventh Circuit, the court held that "a state crime is to be deemed a felony if it would have been prosecuted as such under federal law." *Id.*

The ultimate problem with the conclusions of the Seventh Circuit in *Pacheco-Diaz*, the Fifth Circuit in *Cepeda-Rios*, and the IJ and the BIA in the present case is that, as Rashid aptly explains, they "added a hypothetical to a hypothetical." The first and only hypothetical that should be considered under the "hypothetical federal felony approach" is whether the crime that an individual

was *actually convicted of* would be a felony under federal law. *See Steele*, 236 F.3d at 138 (explaining that "the aggravated felony disability under the [INA] applies only if there has been a *conviction* of a felony"). But by looking to facts not at issue in the crime of conviction in order to determine whether an individual *could have been charged* with a federal felony, our sister circuits, the IJ, and the BIA have considered an impermissible second hypothetical. We conclude that inclusion of the word "hypothetical" in the "hypothetical federal felony" approach does not provide the government with free reign to make ex-post determinations of what federal crimes an individual could hypothetically have been charged with where, as here, a prior drug-possession conviction was not at issue in the prosecution of the subsequent drug-possession offense.

Footnote six from *Lopez* does not change this analysis. Although both the Seventh Circuit and Fifth Circuit relied on the footnote to conclude that a second state misdemeanor drug offense qualifies as an aggravated felony, the footnote does not inexorably dictate such a conclusion. At the heart of *Lopez* is the need to create uniformity between offenses that might be treated as felonies under state law but would qualify as only misdemeanors under federal law. 127 S. Ct. at 627 ("The question raised is whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.'"). In fact, the context of footnote six indicates that the *Lopez* Court was concerned with the generally counterintuitive conclusion (based on the ordinary meaning of language) that not all drug-trafficking crimes actually involve an element of trafficking. The *Lopez* Court explained that relying on state-law definitions of felonies "would often turn simple possession into trafficking, just what the English language tells us not to expect." *Lopez*, 127 S. Ct. at 630.

Immediately preceding the footnote, the Court explained that "Congress can define an aggravated felony of illicit trafficking in an unexpected way. But Congress would need to tell us so . . . ." *Id.* By way of example of how Congress "tell[s] us so," the Court explained in footnote six that recidivist possession is included within the definition of drug-trafficking crimes, despite how that "term[] is used in ordinary speech." *Id.* at n.6. Footnote six indicates that "[t]hose state possession crimes that correspond to felony violations . . . , such as . . . recidivist possession, . . . clearly fall within the definitions" of an aggravated felony. *Id.*

But *Lopez* does not compel the conclusion that two state misdemeanor drug-possession convictions automatically qualify as the aggravated felony of recidivist possession under federal law (provided, of course, that the second offense occurs after the first conviction has become final). Instead, as the BIA recognizes, the more appropriate reading of the *Lopez* Court's passing reference to recidivist possession as a drug-trafficking crime is "that 21 U.S.C. §844(a) defines 'recidivist possession' as 'an offense,' constituting a 'felony violation' of the Federal drug laws, that 'corresponds' to some 'state possession crimes.'" *Matter of Carachuri-Rosendo*, 24 I. & N. Dec. 382, 390 (BIA 2007).

Another aspect of *Lopez* provides strong support for Rashid's argument. In rejecting the government's argument in *Lopez* that a state felony (but a federal misdemeanor) can qualify as an aggravated felony under federal law, the Court addressed the fact that in some states the line between misdemeanor possession and felony possession is drawn based on the quantity of drugs possessed. *Lopez*, 127 S. Ct. at 633. Under federal law, however, all possession is generally treated as a misdemeanor, but possession of large quantities can potentially be prosecuted as the felony of possession with intent to distribute. *Id.* "Thus, an alien convicted by a State of possessing large quantities of drugs would escape the aggravated felony designation simply for want of a federal felony defined as possessing a substantial amount." *Id.* Under the BIA's determination in Rashid's case, however, such an alien *could* have been charged with possession with intent to distribute and thus deemed to have committed an aggravated felony. What is telling about this aspect of *Lopez* is the emphasis on the need for a high degree of similarity between the elements of a state crime of conviction and a corresponding federal felony. As the *Lopez* Court noted, "Congress knows that any

resort to state law will implicate some disuniformity in state misdemeanor-felony classifications." *id.*

There are also compelling due process concerns that weigh in Rashid's favor. Specifically, 21 U.S.C. § 851 lists requirements that must be met before an individual's sentence may be increased on the basis of prior convictions, including the filing of information with the trial court related to the prior convictions and notice to the defendant of the proposed increased punishment. A defendant must also be given the opportunity to challenge the validity of a prior conviction. These due process requirements are also applicable to recidivism charges brought under state law. *Oyler v. Boles*, 368 U.S. 448, 452 (1962) (explaining that "a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge").

We have explained that "[t]he government's failure to notify [a defendant] that an enhanced penalty would be imposed if he had prior felony convictions . . . affected [his] substantial rights. Such errors are not harmless, and cannot be overlooked." *United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir. 1990). As *amici curiae* Criminal Defense Attorneys of Michigan and the New York State Defenders Association explain, "many misdemeanor or lesser convictions involve indigent defendants whose convictions are processed under questionable circumstances and may be found invalid if challenged."

The Third Circuit acknowledged these problems in *Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001), explaining that

> [t]he problem with the District Court's approach is not that it treated the status of being a "one time loser" as an element of the hypothetical federal felony. Rather, the problem is that Steele's "one time loser" status was never litigated as a part of a criminal proceeding. That status was not an element of the crime charged in the second misdemeanor proceeding against him. As a result, the record evidences no judicial determination that that status existed at the relevant time. For all that the record before the immigration judge reveals, the initial conviction may have been constitutionally impaired.

*Id.* at 137-38. Thus, although the Seventh Circuit and Fifth Circuit both repeat the Supreme Court's statement that recidivist possession counterintuitively qualifies as a drug-trafficking crime, a second state drug-possession offense does not automatically qualify as recidivism under the hypothetical federal-felony approach. A conviction for misdemeanor drug possession, such as Rashid's second conviction in this case, is simply a conviction for the charged offense unless there is explicit reference to a prior misdemeanor drug-possession conviction as an element of the subsequent offense. The conviction of a prior drug-possession offense, in other words, is necessary but not sufficient in and of itself to render someone a recidivist.

Adopting Rashid's argument is consistent with the "categorical approach" that this court generally uses to determine if an offense constitutes an aggravated felony. Under the categorical approach, first articulated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), a sentencing court may "look only to the fact of conviction and the statutory definition of the prior offense" in deciding whether to apply a sentencing enhancement based on prior convictions. *Id.* at 602. The categorical approach has been refined over the years, and this court recently explained that "[u]nder the categorical approach, it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006) (internal quotation marks omitted). Based on that approach, Rashid cannot be found to have committed an aggravated felony unless his second conviction *required* a finding of a prior conviction.

We recognize that not all states punish recidivism in the same way, that some states lack recidivism provisions altogether, and that no state prosecutes recidivism in exactly the same manner as set forth in 21 U.S.C. § 844(a). These concerns, however, do not change our conclusion in the present case. As the BIA has explained, "[i]t is not necessary . . . for the *structure* of the underlying State law to be comparable to the structure of the CSA." *Carachuri-Rosendo*, 24 I. & N. Dec. at 391 (emphasis in original). Provided that an individual has been *convicted* under a state's recidivism statute and that the elements of that offense include a prior drug-possession conviction that has become final at the time of the commission of the second offense, then that individual, under the categorical approach, has committed an aggravated felony under § 844(a).

In the present case, however, Rashid's second drug-possession conviction made no reference to his first such conviction. He was therefore not convicted of a recidivist offense under state law. For the reasons set forth above, this means that he has not committed an aggravated felony under the INA. We conclude that the BIA erred in ruling to the contrary, thus necessitating a remand for further proceedings.

**E.      Rashid's request to be returned to the United States**

Finally, Rashid has requested that, if he prevails on appeal, the government be required to fund his return to the United States so that he can apply for cancellation of removal. But his only citation in support of this argument is to *Califano v. Yamasaki*, 442 U.S. 682, 705 (1979), which addressed the power of federal courts to issue injunctions. He also makes a general plea under the broad scope of equitable relief generally available to courts in order to "fully accomplish justice."

In response, the government indicated in a footnote to its brief that, should we decide that further administrative proceedings are required (a point it now explicitly argues in favor of), "there is no basis for assuming that the Government would not return [Rashid] to the United States, if necessary to conduct those proceedings." Based on the government's apparent concession that it will return Rashid to the United States for the proceedings that we now require, any dispute regarding this issue can be resolved by the BIA.

### III.  CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the BIA and **REMAND** the case for further proceedings consistent with this opinion.