**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50437
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RIGOBERTO MOLINA-TRUJILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-750-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appealing the Judgment in a Criminal Case, Rigoberto Molina-Trujillo presents arguments that he concedes are foreclosed by *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008), which held that even after *Lopez v. Gonzales*, 549 U.S. 47 (2006), a second state conviction for simple possession of a controlled substance qualifies as an aggravated felony that supports the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposition of an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C).[**] The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

[**] There is split in the circuit courts that have addressed this issue subsequent to *Lopez. Compare United States v. Pacheco-Diaz*, 506 F.3d 545, 550 (7th Cir. 2007) (second state law controlled substance possession conviction constitutes aggravated felony warranting eight-level increase under § 2L1.2(b)(1)(C) *with Rashid v. Mukasey*, 531 F.3d 438, 446 (6th Cir. 2008) (holding in removal proceeding that second state conviction for misdemeanor possession of a controlled substance did not constitute drug trafficking crime).