FILED
United States Court of Appeals
Tenth Circuit

May 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE MENDIOLA,

Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

Respondent.

No. 07-9548

Board of Immigration Appeals

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

Eddie Mendiola filed a motion with the Board of Immigration Appeals

("BIA") to reopen removal proceedings that resulted in his deportation.  The BIA

denied the motion for lack of jurisdiction under 8 C.F.R. § 1003.23(d), and we

affirm the decision.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is
therefore submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

Mr. Mendiola, a citizen of Peru, became a lawful permanent resident of the United States on April 28, 1989. On July 30, 1996, Mr. Mendiola pleaded guilty in the Superior Court of Orange County, California, to assault with a deadly weapon, a felony under section 245(a)(1) of the California Penal Code, and possession of a controlled substance (steroids), a misdemeanor under section 11377(a) of the California Health and Safety Code. On August 7, 2000, Mr. Mendiola again pleaded guilty to possession of steroids, this time a felony under California law because it was a second offense. Cal. Health & Safety Code § 11377(a)–(b). On September 23, 2003, Mr. Mendiola pleaded guilty in the First Judicial District of Kootenai County, Idaho, to accessory to a felony in violation of section 18-205 of the Idaho Code. After his conviction in Idaho, Mr. Mendiola was detained at an immigration facility in Aurora, Colorado. On April 16, 2004, the Department of Homeland Security commenced removal proceedings against Mr. Mendiola, seeking to remove him as an alien convicted of an aggravated felony offense as defined in 8 U.S.C. § 1101(a)(43)(B), which categorizes a drug trafficking crime as an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

On July 14, 2004, an immigration judge entered an oral decision finding Mr. Mendiola removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted

of an aggravated felony offense, and ordered Mr. Mendiola removed to Peru. At that time, Tenth Circuit precedent held that a state drug offense would qualify as a drug trafficking felony under 18 U.S.C. § 924(c) if punishable under the Controlled Substances Act and classified as a felony in the convicting jurisdiction. *United States v. Castro-Rocha*, 323 F.3d 846, 849 (10th Cir. 2003), *abrogated by Lopez v. Gonzales*, 549 U.S. 47 (2006). The immigration judge found that Mr. Mendiola's conviction for steroid possession was both a drug offense as defined by federal statute and a felony under California law, subjecting him to removal. S.A.R. 80–81.

Mr. Mendiola appealed this decision to the Board of Immigration Appeals ("BIA"), arguing that Ninth Circuit precedent ought to have been applied to determine whether his conviction qualified as a drug trafficking offense because he was convicted of the felony offense in California state court. Mr. Mendiola claimed that under Ninth Circuit precedent, a state drug crime must be classified as a felony under federal law, not merely under the law of the convicting jurisdiction, to qualify as a drug trafficking felony. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 910 (9th Cir. 2004); *Lopez v. Gonzales*, 549 U.S. 47 (2006). On November 9, 2004, the BIA dismissed the appeal, approving the immigration judge's application of Tenth Circuit precedent. Mr. Mendiola then filed a petition for review before the Tenth Circuit. This Court rejected Mr.

-3-

Mendiola's contention that Ninth Circuit precedent should have controlled. *Mendiola v. Gonzales*, 189 F. App'x 810 (10th Cir. 2006).

Mr. Mendiola was removed from the United States and subsequently re-entered illegally. Mr. Mendiola filed a motion to reopen his removal proceedings with the BIA. On June 11, 2007, the BIA denied his motion for lack of jurisdiction, stating that "[a] motion to reopen may not be made by an alien in removal proceedings subsequent to his departure from the United States." S.A.R. 2 (citing 8 C.F.R. § 1003.2(d)). We affirm the BIA's denial of Mr. Mendiola's motion.

## II. Analysis

The government argues that we are prevented from considering Mr. Mendiola's motion by 8 C.F.R. § 1003.2(d), which states that "[a] motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." Under the government's theory, because Mr. Mendiola was deported to Peru, he is forever precluded by the regulation from bringing a motion to reopen. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675–76 (5th Cir. 2003); *Mansour v. Gonzales*, 470 F.3d 1194, 1198 (6th Cir. 2006); *Singh v.* Gonzales, 468 F.3d 135, 140 (2d Cir. 2006). The Ninth Circuit has rejected this interpretation of the regulation, reasoning that because the regulation is written in the present tense, it applies only to those persons who

-4-

are the subject of pending removal proceedings. *Lin v. Gonzales*, 473 F.3d 979, 981–82 (9th Cir. 2007) (construing identical language in 8 C.F.R. § 1003.23(b)(1), which applies to motions to reopen filed with an IJ, rather than the BIA); *Singh v. Gonzales*, 412 F.3d 1117 (9th Cir. 2005).

The Tenth Circuit has yet to decide this issue, and we need not decide it here. Mr. Mendiola did not argue in his opening brief that 8 C.F.R. § 1003.2(d) does not apply to him because he is not currently the subject of removal proceedings. Mr. Mendiola has thereby waived this argument. *United States v. Black*, 369 F.3d 1171, 1176 (10th Cir. 2004) (issues not raised in the opening brief are deemed waived). Because Mr. Mendiola was provided adequate notice and process during his initial removal proceedings, his claim that the denial of his motion violates his due process rights is without basis.

Even if we were to consider Mr. Mendiola's motion, his argument based on the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), which held that a drug possession offense must be a felony under federal law to qualify as a drug trafficking crime, does not assist him. Under the Controlled Substances Act, a conviction for possession of a controlled substance committed after a prior possession conviction can result in a term of imprisonment of up to two years. 21 U.S.C. § 844(a); *Lopez*, 549 U.S. 47, n. 6. Therefore, even in light of *Lopez*, Mr. Mendiola's conviction qualifies as a drug trafficking crime subjecting him to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii).

The judgment of the Board of Immigration Appeals of the United States is **AFFIRMED**. Because we have determined that Mr. Mendiola is barred from filing a motion to reopen by 8 C.F.R. § 1003.2(d), we **DENY** his motion to file an appendix and the government's cross-motion to supplement the administrative record as moot. All other outstanding motions are **DENIED** as moot.

Entered for the Court,

Michael W. McConnell
Circuit Judge