SUMMARY ORDER

Petitioner Isatu Barrie, a native and citizen of Sierra Leone, seeks review of a February 6, 2009 order of the BIA denying her motion to reopen. In re Isatu Barrie, No. A095 460 140 (B.I.A. Feb. 6, 2009). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We lack jurisdiction over Barrie’s claim that the BIA erred by refusing to reopen her removal proceedings in light of our decision in Salimatou Bah v. Mulcasey, 529 F.3d 99 (2d Cir.2008), which she argues constituted a “fundamental” change in law excusing Barrie’s untimely motion to reopen before the BIA. A “fundamental” change in the law is not a ground for excusing an untimely motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (requiring an applicant, in order to excuse an untimely motion to reopen, to demonstrate through material, previously unavailable evidence, that conditions in the country where the applicant fears persecution have changed such that the applicant now has a well-founded fear of future persecution if she were to return). Rather, the BIA may revisit its prior decision in the wake of a fundamental change in law pursuant to its sua sponte authority. See 8 C.F.R. § 1003.2(a); Matter of G-D-, 22 I. & N. Dec. 1132, 1134-35 (B.I.A.1999) (holding that the BIA may, on its own motion, consider an untimely or numerically barred motion to reopen a prior decision based on “a fundamental change in the law”). Thus, Barrie’s argument that the BIA erred in denying her untimely motion to reopen is, in actuality, a challenge to the BIA’s refusal to exercise its sua sponte authority. We lack jurisdiction to consider such challenges because the BIA’s exercise of its sua sponte authority is “entirely discretionary.” See Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006) (per curiam); see also Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir.2009) (“[W]e are without jurisdiction to review the Agency’s failure to reopen removal proceedings sua sponte.”); 8 C.F.R. § 1003.2(a). Therefore, we are left with no alternative but to dismiss the petition for review.
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure *525 34(a)(2), and Second Circuit Local Rule 34(b).