FILED
United States Court of Appeals
Tenth Circuit

December 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR SANTANA-ILLAN,

Defendant - Appellant.

No. 08-4210

(D. Utah)

(D.C. No. 2:08-CR-00422-TS-1)

**ORDER AND JUDGMENT**[*]

Before **HENRY,** Chief Judge, **MURPHY**, and **O'BRIEN**, Circuit Judges.

## I.    Introduction

Appellant, Hector Santana-Illan, pleaded guilty to a charge of illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). A Presentence Investigation Report ("PSR") recommended an eight-level enhancement to Santana-Illan's base offense level pursuant to § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines ("USSG"), based on Santana-Illan's prior Georgia conviction for drug possession. Santana-Illan filed

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a written objection to the eight-level enhancement, arguing his prior conviction was not an aggravated felony for purposes of § 2L1.2(b)(1)(C).  The district court overruled Santana-Illan's objections, applied the eight-level enhancement to calculate his advisory guidelines range, and sentenced him to thirty months' imprisonment.  In this appeal, Santana-Illan argues the district court erred when it applied the § 2L1.2(b)(1)(C) enhancement because a second conviction for simple possession is not an aggravated felony unless it was prosecuted as recidivist possession.[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **reverse** Santana-Illan's sentence and **remand** the matter for resentencing.

## II.    Background

During a routine check of the Utah County Jail, it was discovered that Santana-Illan had previously been deported from the United States and had not received permission to reenter.  He was subsequently charged in a one-count indictment with illegal reentry, in violation of 8 U.S.C. § 1326.  After Santana-Illan pleaded guilty to the charge, a PSR was prepared.  The PSR recommended an eight-level sentencing enhancement pursuant to USSG § 2L1.2(b)(1)(C).  The enhancement is applicable to defendants convicted of unlawfully entering or

---

[1]We *sua sponte* strike Santana-Illan's letter ostensibly filed pursuant to Fed. R. App. P. 28(j).  The letter is argumentative and, thus, fails to comply with Rule 28(j).

remaining in the United States after a conviction for an aggravated felony. USSG § 2L1.2(b)(1)(C). The Government argued the enhancement was warranted based on Santana-Illan's 1998 California conviction for possession of marijuana and his 2003 Georgia conviction for possession of cocaine. Santana-Illan objected to the application of the enhancement and filed written objections to the PSR. Specifically, he argued his 2003 Georgia drug-possession conviction was not prosecuted as a recidivist crime and, thus, § 2L1.2(b)(1)(C) should not be used to calculate his advisory guidelines range because the conviction, alone or combined with the 1998 California drug-possession conviction, did not qualify as an aggravated felony.

The district court heard argument on the matter and ruled in favor of the Government, concluding the § 2L1.2(b)(1)(C) enhancement was applicable because Santana-Illan's 2003 simple possession conviction could have been prosecuted as a felony under the Controlled Substances Act ("CSA"), rendering it an aggravated felony for purposes of § 2L1.2(b)(1)(C). Application of the enhancement resulted in a total offense level of eleven. Combined with Santana-Illan's Criminal History Category VI, the advisory guidelines range was calculated as twenty-seven to thirty-three months. The district court imposed a sentence of thirty months.[2] Santana-Illan appeals, arguing the § 2L1.2(b)(1)(C)

---

[2] 8 U.S.C. § 1326 makes it a crime to reenter the United States following
(continued...)

enhancement does not apply because he has never been convicted of recidivist possession or any other aggravated felony.

## III. Discussion

If the district court incorrectly calculates a defendant's advisory guidelines range, the resulting sentence is procedurally unreasonable. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). Here, the district court concluded Santana-Illan's Georgia conviction for simple possession was an aggravated felony and, accordingly, calculated his advisory guidelines range by applying the eight-level enhancement under § 2L1.2(b)(1)(C). Santana-Illan argues his Georgia conviction is not an aggravated felony and, thus, his advisory guidelines range was incorrectly calculated. We review de novo the question of whether a prior conviction is an aggravated felony under the Guidelines. *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1274 (10th Cir. 2003).

Section 2L1.2(b)(1)(C) of the Guidelines raises a defendant's offense level from to eight to sixteen if he has a previous "conviction for an aggravated

---

[2](...continued)
deportation. If a defendant reenters following a conviction for an "aggravated felony," the statutory maximum increases to twenty years. 8 U.S.C. § 1326(b)(2). In addition to the increase in the statutory maximum, the Guidelines contemplate a harsher punishment for defendants who illegally reenter after having been convicted of an aggravated felony. Accordingly, the district court's conclusion that Santana-Illan's Georgia conviction for simple possession was an aggravated felony had the effect of raising the statutory maximum to twenty years and increasing Santana-Illan's total offense level by eight levels.

-4-

felony."  The term aggravated felony is not defined in the Guidelines but, instead,

its meaning must be gleaned from a "series of statutory cross-references."  *United*

*States v. Martinez-Macias*, 472 F.3d 1216, 1218 (10th Cir. 2007).  The path

begins at Application Note 3 to § 2L1.2 which states, "'aggravated felony' has

the meaning given that term in section 101(a)(43) of the Immigration and

Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction

for the aggravated felony."  U.S. Sentencing Guidelines Manual § 2L1.2 cmt.

n.3(A).  The statute referenced in the Application Note, 8 U.S.C. § 1101(a)(43),

"defines 'aggravated felony' in terms of a set of listed offenses."  *Nijhawan v.*

*Holder*, 129 S. Ct. 2294, 2297 (2009).  The subsection of 8 U.S.C. § 1101(a)(43)

relevant to this appeal provides that a drug trafficking crime defined in 18 U.S.C.

§ 924(c) is an aggravated felony.  8 U.S.C. § 1101(a)(43)(B).  The trail ends at 18

U.S.C. § 924(c)(2), which defines the term "drug trafficking crime" as "any

felony punishable under the Controlled Substances Act."  Thus, for purposes of

§ 2L1.2(b)(1)(C), a prior state drug conviction qualifies as an aggravated felony

if it would be punishable as a felony under the CSA.

The parties agree that Santana-Illan's two prior state drug convictions were

both simple possession crimes.[3]  They also agree that simple possession of illegal

---

[3]Surprisingly, the record does not contain any documents relating to either
state drug conviction.  We, therefore, proceed with our analysis based on the
representations of both parties that Santana-Illan's 2003 Georgia conviction (1)

(continued...)

drugs is punishable as a misdemeanor under the CSA, not as a felony. 21 U.S.C. § 844(a); *Lopez v. Gonzales*, 549 U.S. 47, 54 n.4 (2006); *Martinez-Macias*, 472 F.3d at 1218. But this general rule has exceptions, one of which is at the core of this appeal. As the Supreme Court noted in *Lopez v. Gonzales*, the crime of recidivist possession is a felony under the CSA and, thus, a drug trafficking crime under 18 U.S.C. § 924(c)(2). *Lopez*, 549 U.S. at 55 n.6 (stating that Congress "counterintuitively" defined recidivist possession as a drug trafficking offense); 21 U.S.C. § 844(a). The district court concluded Santana-Illan's 2003 Georgia conviction for simple possession of cocaine *could* have been prosecuted as recidivist possession under the CSA and, thus, it is a drug trafficking crime under 18 U.S.C. § 924(c)(2) and an aggravated felony for purposes of § 2L1.2(b)(1)(C). Santana-Illan challenges this approach, arguing his 2003 simple possession conviction was not actually prosecuted as recidivist possession and, thus, it cannot be an aggravated felony. The circuit courts of appeals are split on this issue.[4] *Compare Alsol v. Mikasey*, 548 F.3d 207, 219 (2d Cir. 2008) (holding

---

[3](...continued)
was for simple possession of cocaine and (2) was not prosecuted as a recidivist crime. *See* Ga. Code Ann. § 16-13-30(a).

[4]The Supreme Court has granted certiorari on the issue. *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir. 2009), *cert. granted*, 78 U.S.L.W. 3058 (U.S. Dec. 14, 2009) (No. 09-60). We, nevertheless, decide the issue here because our holding will have a significant impact on Santana-Illan's advisory guidelines range. With the two-level decrease for acceptance of responsibility, USSG § 3E1.1, and the additional two-level fast track decrease, USSG § 5K3.1,

(continued...)

-6-

second simple possession conviction was not an aggravated felony because it was not prosecuted as recidivist possession), *and Rashid v. Mukasey*, 531 F.3d 438, 442-48 (6th Cir. 2008) (same), *and Berhe v. Gonzales*, 464 F.3d 74, 85-86 (1st Cir. 2006) (same), *and Steele v. Blackman*, 236 F.3d 130, 137-38 (3d Cir. 2001) (same), *with United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008) (holding second simple possession conviction qualifies as an aggravated felony regardless of whether it was actually prosecuted as recidivist possession), *and United States v. Pacheco-Diaz*, 513 F.3d 776, 778-79 (7th Cir. 2008) (same). *See also Matter of Carachuri-Rosendo*, 24 I. & N. Dec. 382, 394 (BIA 2007) (en banc), *review denied*, *Carachuri-Rosendo v. Holder*, 570 F.3d 263 (5th Cir.), *cert. granted*, 78 U.S.L.W. 3058 (U.S. Dec. 14, 2009) (No. 09-60).

*Lopez v. Gonzales* provides a starting point for our analysis. In *Lopez*, the Supreme Court addressed the question of whether a conviction characterized as a felony under state law but a misdemeanor under the CSA was an aggravated felony under 8 U.S.C. § 1101(a)(43). *Lopez*, 549 U.S. at 50. The Court held that the classification of the crime as a felony by the state of conviction was irrelevant. "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony

---

[4](...continued)
Santana-Illan's base offense level would decrease from eight to four and his advisory guidelines range would be six to twelve months.

under [the CSA]." *Id*. at 60. The Court's approach of comparing the state offense of conviction to the CSA is commonly referred to as the "hypothetical federal felony approach," *Alsol*, 548 F.3d at 212, and it is consistent with the categorical approach used to compare state criminal statutes to analogous generic crimes. *See, e.g.*, *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186-87 (2007); *see also Shepard v. United States*, 544 U.S. 13, 16-17 (2005); *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Consistent with the *Lopez* paradigm, we first examine Santana-Illan's Georgia conviction. In 2003, Santana-Illan was convicted of simple possession of cocaine, a crime that is punishable as a misdemeanor under the CSA. Santana-Illan does not dispute that if this crime had been prosecuted in federal court under the CSA, the Government could have proceeded under the recidivist provision of 21 U.S.C. § 844(a)[5] because he had a previous final conviction for simple possession of marijuana. A successful federal prosecution for recidivist

---

[5]Pursuant to 21 U.S.C. § 844(a), a defendant convicted of simple possession after a prior drug offense has become final is subject to a maximum sentence of two years' incarceration if specific procedures are followed to allege and prove the existence of the prior conviction. Those procedures, which are set out in 21 U.S.C. § 851, require the Government to file an information with the court stating in writing the specific "previous conviction to be relied upon." 21 U.S.C. § 851. The information must also be served on the defendant and, if he denies the alleged prior conviction, the Government must prove its existence beyond a reasonable doubt. *Id*. § 851(c)(1). In the proceedings before the district court, the defendant has the right to challenge the validity of the prior conviction. *Id*. § 851(c)(2).

possession is a felony conviction that undeniably qualifies as an aggravated felony for purposes of § 2L1.2(b)(1)(C). Although the Government has not demonstrated or even alleged that Santana-Illan's Georgia drug-possession conviction was actually prosecuted as recidivist possession, it argues the hypothetical federal felony approach permits us to examine the crime that could have been prosecuted under the CSA and does not cabin our analysis to the crime that was actually prosecuted in state court. Under the Government's interpretation of the hypothetical federal felony approach, Santana-Illan's Georgia conviction qualifies as an aggravated felony because the crime could hypothetically have been prosecuted as recidivist possession, a felony under the CSA. *See* 21 U.S.C. § 844(a); *Lopez*, 549 U.S. at 55 n.6 (stating recidivist possession "clearly fall[s] within the definitions used by Congress in 8 U.S.C. § 1101(a)(43)(B) and 18 U.S.C. § 924(c)(2)"). Because we believe the Government's approach is contrary to Supreme Court precedent, we join the First, Second, Third, and Sixth Circuits in concluding the hypothetical federal felony approach permits us to examine only the state crime that was actually prosecuted.

We begin by noting, as the Sixth Circuit has cogently explained, that the Government's construction of the hypothetical federal felony approach adds "a hypothetical to a hypothetical." *Rashid*, 531 F.3d at 445 (quotation omitted). By advocating an approach whereby this court must look "to facts not at issue in the

crime of conviction in order to determine whether an individual *could have been charged* with a federal felony," the Government is asking us to

> consider[] an impermissible second hypothetical. . . . [I]nclusion of the word "hypothetical" in the "hypothetical federal felony" approach does not provide the government with free reign to make ex-post determinations of what federal crimes an individual could hypothetically have been charged with where, as here, a prior drug-possession conviction was not at issue in the prosecution of the subsequent drug-possession offense.

*Id*. Santana-Illan was not charged with or convicted of recidivist possession and there is no indication the Georgia court was aware of the prior California drug-possession conviction. Our knowledge that the Georgia conviction is Santana-Illan's second possession conviction is not gleaned from our review of the Georgia statute, the Georgia judgment, or any judicial records from the Georgia prosecution. This brings us to the main flaw in the Government's construction of the hypothetical federal felony approach—it is inconsistent with the categorical approach.

The approach advocated by the Government involves three steps. First, this court would look beyond the four corners of the Georgia statute under which Santana-Illan was convicted to ascertain the actual conduct underlying his conviction. We would then determine what hypothetical federal crime could have been prosecuted based on that conduct. Finally, we would decide whether that hypothetical federal crime is a felony under the CSA. Under the categorical approach, however, courts look "only to the fact of conviction and the statutory

definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *United States v. West*, 550 F.3d 952, 957 (10th Cir. 2008) (quotation omitted); *see also United States v. Scoville*, 561 F.3d 1174, 1176 (10th Cir. 2009); *United States v. Zuniga-Soto*, 527 F.3d 1110, 1119-20 (10th Cir. 2008). Even under the modified categorical approach, applicable when the underlying statute criminalizes conduct that merits a sentencing enhancement and conduct that does not, a court may examine judicial records only to determine "which part of the statute was charged against the defendant." *Zuniga-Soto*, 527 F.3d at 1121 (quotation omitted). Thus, when applying the categorical approach we cannot look beyond the Georgia statute and judicial records to determine the actual circumstances underlying Santana-Illan's 2003 conviction. Because the Government's proposed approach would require us to do just that at the first stage of the analysis, the paradigm the Government proposes is clearly incompatible with the categorical approach.

The Government argues the Supreme Court's recent decision in *Nijhawan v. Holder* permits us to examine a defendant's specific conduct when determining whether a crime is an aggravated felony under § 1101(a)(43). The Government's reliance on *Nijhawan* is misplaced. In *Nijhawan*, the Court addressed whether the defendant's conviction for conspiracy to commit fraud was an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). 129 S. Ct. at 2297 ("Federal immigration law provides that any alien who is convicted of an aggravated felony

-11-

at any time after admission is deportable." (quotation and alteration omitted)). 8 U.S.C. § 1101(a)(43)(M)(I), a statute not at issue in this appeal, defines the term aggravated felony to include an "offense that involves fraud or deceit in which the loss to the . . . victims exceeds $10,000." The defendant argued the Court could not look beyond the fact of his fraud conviction to determine the amount of loss because amount of loss was not an element of the crime of conviction, and the jury had made no finding on the matter. *Nijhawan*, 129 S. Ct. at 2298.

After first concluding Congress did not intend for § 1101(a)(43)(M)(i) to be analyzed categorically because it describes circumstance-specific conduct, the Court held it was appropriate to examine the specific circumstances surrounding the defendant's commission of the fraud crime. *Id*. at 2302. In other words, because § 1101(a)(43)(M)(i) is circumstance-specific, courts are not constrained by the categorical approach when determining whether a defendant's conviction is an aggravated felony. *Id*. at 2302. The *Nijhawan* Court, however, specifically distinguished § 1101(a)(43)(M) from § 1101(a)(43)(B), the statute at issue in this case, stating that § 1101(a)(43)(B) refers to a generic crime, not a circumstance-specific crime. *Id*. at 2300. Accordingly, *Nijhawan* undermines, rather than supports, the Government's argument that this court should apply a circumstance-specific approach to § 1101(a)(43)(B). Consistent with *Nijhawan*, this court should apply a categorical approach to its analysis of § 1101(a)(43)(B) because the Court has told us § 1101(a)(43)(B) describes a generic crime.

-12-

The second flaw with the Government's argument is that the Supreme Court has considered and rejected it. Taken to its logical extension, the Government's approach would give this court the power to examine a defendant's underlying conduct and determine what federal crime could have been charged based on that conduct. In *Lopez*, however, the Court acknowledged that a defendant with a state felony conviction for possessing large amounts of illegal drugs would "escape the aggravated felony designation" because simple possession is a misdemeanor under the CSA regardless of the quantity of drugs possessed. 549 U.S. at 60 ("Congress generally treats possession alone as a misdemeanor whatever the amount . . . ."). The Court arrived at this conclusion even though it readily acknowledged that a defendant who possessed large amounts of illegal drugs *could* be charged under the CSA with possession with intent to distribute, a felony. *Id.* The conclusion would be different under the Government's proposed approach; a defendant convicted of possessing large amounts of marijuana would not escape the aggravated felony designation because this court would look beyond the fact of conviction to the circumstances underlying the criminal conduct, discovering the defendant possessed enough marijuana to merit prosecution for possession with intent to distribute under the CSA. Clearly, this conclusion would be inconsistent with the Court's analysis in *Lopez*. We must, therefore, reject the Government's proposed approach as contrary to Supreme Court precedent.

## IV.    Conclusion

The sentence imposed by the district court is **reversed** and the matter

**remanded** for further proceedings not inconsistent with this opinion.[6]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[6]Our holding is not at odds with the alternative holding in *Mendiola v. Mukasey*, 280 F. App'x 719, 722 (10th Cir. 2008) (concluding defendant's second conviction for possession of a controlled substance was a drug trafficking crime). In *Mendiola*, the defendant was actually convicted of recidivist possession. *Id.* at 721 ("Mr. Mendiola again pleaded guilty to possession of steroids, this time a felony under California law because it was a second offense.").

08-4210, *United States v. Santana-Illan*
**O'BRIEN**, J., dissenting.

By virtue of the district court's decision, concluding that the aggregation of his prior convictions qualified as an aggravated felony, Santana-Illan does not qualify for asylum or possible discretionary cancellation of removal from the Attorney General. *See* 8 U.S.C. §§ 1229(a)(3), (b), 1158(b)(2)(A)(ii), (B)(i). The majority decision unnecessarily calls those disqualifications into question. Because it is not prudent to do so at this time, I respectfully dissent.

The dispositive issue in this appeal will be resolved by the Supreme Court within a few months. A petition for writ of certiorari on the issue was granted in *Carachuri-Rosendo v. Holder*, --- S. Ct. ----, No. 09-60, 2009 WL 2058154 (Dec. 14, 2009). I see no need for this Court to rush to judgment. We could abate this matter, advise the parties of our intent to await the Supreme Court's decision, and announce a willingness, upon a proper request, to enter a limited remand to the district court permitting Santana-Illan to request release from incarceration or less restrictive detention pending the Supreme Court's decision. Such is permitted by 18 U.S.C. § 3143(b)(1)(A), (B)(iv) (allowing for judicial officer to order the release of a defendant during the pendency of an appeal upon certain findings about the danger posed by the defendant and the strength of his appeal).

The majority's concern that Santana-Illan might be subjected to unnecessary incarceration is appropriate, but other considerations are also worthy. If the majority is wrong on the merits its decision will, at least, muddy the waters

about his eligibility for asylum or to request discretionary cancellation of removal and, since his pretermitted incarceration will likely result in quick deportation, he will have, in effect, been afforded a judicial commutation of his sentence. An abate and wait approach insures a correct result on the merits of his appeal and a remand affords him an opportunity to lessen the rigors of possibly excessive incarceration.