**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE MENDIOLA,

              Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

              Respondent.

No. 15-9565
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

        Eddie Mendiola, a citizen of Peru, seeks review of the Board of Immigration

Appeals' (BIA or Board) denial of his third motion to reopen removal proceedings. We

dismiss his petition for review for lack of jurisdiction.

---

        [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.
        This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

## I.  Background

No doubt, the parties are familiar with the extensive factual and procedural history of this case.  We certainly are.  *See Mendiola v. Holder*, 576 F. App'x 828 (10th Cir. 2014) (unpublished); *Mendiola v. Holder*, 585 F.3d 1303 (10th Cir. 2009); *Mendiola v. Mukasey,* 280 F. App'x 719, 722 (10th Cir. 2008) (unpublished); *Mendiola v. Gonzales*, 189 F. App'x 810 (10th Cir. 2006) (unpublished).  Thus, we recite only those facts relevant to our decision.

Mendiola became a lawful permanent resident (LPR) of the United States in 1989.  In 1996, he was convicted in California state court of misdemeanor possession of a controlled substance (steroids).  Four years later, he was convicted of the same offense, this time a felony.  Based on the latter conviction, he was ordered removed from the United States as an aggravated felon.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  His aggravated felon status made him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a).[1]

He filed two motions to reopen with the BIA; both were denied because he had already been removed from the United States (post-departure bar).  *See* 8 C.F.R. § 1003.2(d) ("A motion to reopen . . . shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.").

---

[1] Section 1229b(a) allows the Attorney General to cancel removal if the alien (1) has been lawfully admitted for permanent residence for 5 years or more, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of an aggravated felony.

In 2010, the Supreme Court decided a second state law conviction for possession of a controlled substance qualifies as an aggravated felony under the immigration laws only if it was enhanced based on the fact of the prior conviction, in other words, only if the defendant was convicted in state court as a recidivist. *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 581-82 (2010). Two years later, we invalidated the post-departure bar regulation (8 C.F.R. § 1003.2(d)) as inconsistent with Congress' intent to afford each noncitizen a statutory right to file one motion to reopen under 8 U.S.C. § 1229a(c)(7). *See Contreras-Bocanegra v. Holder*, 678 F.3d 811, 813 (10th Cir. 2012) (en banc). Armed with these decisions, Mendiola filed a third motion to reopen with the BIA, asking it to exercise its sua sponte authority to reopen his case. *See* 8 C.F.R. § 1003.2(a) ("The [BIA] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."). He claimed the post-departure bar no longer precluded his motion and his second California conviction for possession of a controlled substance was not an aggravated felony under *Carachuri-Rosendo*. Therefore, he argued, he was eligible for cancellation of removal.

The BIA denied relief. It concluded Mendiola's removal had terminated his LPR status and therefore he was no longer eligible for cancellation of removal under § 1229b(a). *See supra* n.1. Mendiola sought judicial review. We lacked jurisdiction to review the Board's discretionary decision to deny sua sponte reopening but could review whether it applied the correct law in making its decision. *Mendiola*, 576 F. App'x at 837. We ultimately decided we could not tell from the Board's decision whether it had done

so. *Id.* at 843-45. That is because the decision seemed to conflict with footnote 8 in *Carachuri-Rodendo*, which suggested that if a petitioner has not been convicted of an aggravated felony and continues to satisfy the requirements of § 1229b(a), he may seek cancellation of removal even though he has been removed. *Id.* at 843-44 (quoting *Carachuri-Rodendo*, 560 U.S. at 573 n.8). Because the BIA's decision did not address this tension, we remanded to the Board "to consider the effect of *Carachuri–Rosendo* footnote eight on removed persons' eligibility for cancellation of removal, and to explain—if it persists in its conclusion that Mr. Mendiola is, as a consequence of his removal, categorically barred from seeking cancellation—on what basis it purports to reconcile that conclusion with the seemingly contradictory indication in footnote eight." *Id.* at 845. However, we emphasized (twice) that "the ultimate decision whether or not to grant sua sponte reopening remains entirely in the Board's discretion." *Id.* at 837, 845.

On remand, the BIA concluded it was "difficult" to reconcile its prior decision with footnote 8 because "the origin and basis for the footnote . . . are unclear . . . and prior to this reference [the Board was] unaware of any applicant for cancellation of removal who was found eligible to pursue such application from abroad following removal." (R. at 7.) It noted the "Department of Homeland Security's brief before the Board does not provide any insight into [footnote 8] and whether it possibly had its origins in an argument or position advanced by the government before the [Supreme] Court." (*Id.* at 7 n.1.) Nevertheless, the Board concluded that even assuming Mendiola was eligible for cancellation of removal, sua sponte reopening was not warranted:

- 4 -

Having considered the entirety of circumstances presented in this case, including the respondent's significant and lengthy criminal history and his immigration history, we are simply not persuaded that [he] has demonstrated that such a favorable exercise of discretion is warranted. *See Matter of J-J-*, 21 I & N Dec. 976 (BIA 1997); *Matter of G-D-*, 22 I & N Dec. 1132, 1133-34 (BIA 1999) (stating that "as a general matter, we invoke our *sua sponte* authority sparingly, treating it not as a general remedy for any hardships created by enforcement of time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations").[2]

(R. at 8.)

## II. Discussion

The government tells us we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen Mendiola's removal proceedings. We agree. "[W]e have no jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*." *See Salgado–Toribio v. Holder*, 713 F.3d 1267, 1271 (10th Cir. 2013); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) ("[W]e do not have

---

[2] For the same reasons, the Board rejected Mendiola's argument (raised for the first time on remand) that the time for filing his motion to reopen should be equitably tolled based on a change in the law, i.e., our decision in *Contreras-Bocanegra*, which eliminated the post-departure bar, which in turn had prevented the Board from exercising jurisdiction over his prior motions to reopen. Mendiola argues the Board applied the wrong standard in denying his request for equitable tolling. We decline to consider this issue because it violates the mandate rule, which requires "trial court conformity with the appellate court's terms of remand." *United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011). This rule has been extended to administrative agencies. *See Padilla-Caldera v. Holder*, 637 F.3d 1140, 1145 (10th Cir. 2011). The remand language in our previous decision limited remand "to clarify[ing] the legal basis for [the Board's] decision, and—in light of that clarification—to rule on Mr. Mendiola's motion for sua sponte reopening as it sees fit in the exercise of its discretion." *Mendiola*, 576 F. App'x at 845. By considering Mendiola's argument seeking equitable tolling based on a change in law, the Board exceeded the scope of our remand. While there are exceptions to the mandate rule, none apply here. *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996).

jurisdiction to consider [a] petitioner's claim that the BIA should have sua sponte reopened the proceedings under 8 C.F.R. § 1003.2(a) because there are no standards by which to judge the agency's exercise of discretion.").

Of course, as we explained in our previous decision in this case, we do have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review constitutional claims and questions of law underpinning the Board's decision not to reopen a case on its own motion. *Mendiola*, 576 F. App'x at 837.  But none remain.  On remand, the Board assumed Mendiola remained eligible for cancellation of removal even though he had lost his LPR status upon being removed.  By doing so, it eliminated any possibility its decision denying sua sponte reopening was based on an error of law, i.e., that it conflicted with footnote 8 in *Carachuri–Rosendo*.  Its remaining decision—that Mendiola's criminal and immigration history[3] did not warrant an exercise of its sua sponte authority—is purely discretionary and unreviewable.

Mendiola resists this result, saying the Board did not have the discretion to refuse to reopen his removal proceedings because his removal was based on an erroneous interpretation of the law.  He relies on the Supreme Court's decisions in *I.N.S. v. Doherty*, 502 U.S. 314 (1992), and *Carachuri-Rosendo*, and the Board's decision in *In re G-D-*, 22

---

[3] In addition to his two California convictions, Mendiola's criminal history includes a California conviction for assault with a deadly weapon and an Idaho conviction for accessory to a felony.  His immigration history includes the fact that after he was initially removed from the United States in March 2005, he reentered illegally several months later.  He was removed again in 2010.

I & N Dec. 1132 (BIA 1999) (en banc).[4]  None of these cases is helpful.

The only holding in *Doherty* commanding a majority was that the Attorney General did not abuse his discretion in denying reopening for either of two reasons: (1) Doherty had not presented new evidence warranting reopening and (2) he had not explained why he had withdrawn his claims at the deportation hearing.  502 U.S. at 317, 322-24.  Mendiola concedes that his argument in this case stems from one of the reasons the Attorney General gave in *Doherty* for denying the motion to reopen: "[The Attorney General] also noted that a change in law ordinarily does not support a motion to reopen unless the change pertains to the rules of the proceeding at which the deportation was ordered."  *Id.* at 325.  Only four justices relied on that reason (as well as the others) to affirm.  It is not part of the Court's holding.  In any event, a change in law after removal may be, as the government has said, a proper basis for reopening but that does not elevate it to a requirement.

*Carachuri-Rosendo* is equally unavailing.  It was decided on direct review of the BIA's decision affirming the Immigration Judge's order that Carachuri-Rosendo was ineligible for cancellation of removal because his second conviction for possession of a controlled substance constituted an aggravated felony.  Therefore, the Court did not

---

[4] In his opening brief, Mendiola quotes from the syllabus of the *Doherty* decision (page 316).  The syllabus is prepared by the Reporter of Decisions for the reader's convenience and does not constitute the Court's decision.  *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337 (1906).  The government makes a similar mistake in its brief, quoting from the dissenting opinion in *In re G-D*, 22 I & N Dec. 1132 (BIA 1999).

address if or when the BIA is required to sua sponte reopen removal proceedings when a change in the law renders one previously found ineligible for cancellation of removal eligible for such relief.

The Board's decision in *In re G-D-* is more to the point. However, in that case, the Board simply discussed when it <u>may</u> sua sponte revisit a prior decision based on a fundamental change in the law. *See Mendiola*, 576 F. App'x at 841 ("[T]he Board has acknowledged that sua sponte reopening *may* be warranted in certain cases that involve a fundamental change in law. *See In re G–D–,* 22 I. & N. Dec. at 1135.") (emphasis added); *see also Barrie v. Holder*, 353 F. App'x 523, 524 (2d Cir. 2009) (unpublished) ("[T]he BIA *may* revisit its prior decision in the wake of a fundamental change in law pursuant to its *sua sponte* authority . . . . We lack jurisdiction to consider such challenges because the BIA's exercise of its *sua sponte* authority is 'entirely discretionary'.") (emphasis added). Indeed, in our previous decision, we emphasized that "the ultimate decision whether or not to grant sua sponte reopening remains entirely in the Board's discretion." *Id.* at 845. We made no exception for Mendiola's "change in the law" argument.[5]

---

[5] In a footnote in his opening brief, Mendiola claims the BIA routinely sua sponte reopens cases where there has been a fundamental change in the law. We decline to address this issue because it is raised only in a footnote. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."). In any event, merely citing four cases in which the BIA decided to sua sponte reopen a case based on a fundamental change in the law hardly demonstrates such practice is routine, especially without any evidence of how many such cases appear before the BIA in any given year.

The petition for review is **DISMISSED** for want of jurisdiction.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge